IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN JONES, | : | 3:10-cv-359 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| LT. PUGH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **November 2, 2011**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc.73), filed on October 6, 2011, which recommends that the Motion for Summary Judgment (Doc. 61) of Defendants Pugh and Elmy be granted with respect to Plaintiff's remaining Eighth Amendment claims against these Defendants.[1]  No objections to the R&R have been filed by any party.[2]  For the reasons set forth below, the Court will adopt the R&R.

---

[1] Magistrate Judge Blewitt also recommends that Plaintiff's miscellaneous motions, including a "Petition for Settlement" (Doc. 65) and Motion to Compel (Doc. 71) be denied.

[2] Objections were due by October 24, 2011.

**I.   STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

**II.   DISCUSSION**

The procedural history of this matter was recounted in detail by Magistrate Judge Blewitt within the R&R, and as such shall not be restated herein.[3] In short, the Plaintiff's remaining claims are an Eighth Amendment excessive force claim

---

[3] See pages 1 to 6 of the R&R.

against Defendant Pugh regarding a pushing incident and an Eighth Amendment failure to protect claim against Defendant Elmy arising out of the pushing incident. Defendants' Motion for Summary Judgment seeks summary judgment in their favor on these claims.

After setting forth the appropriate standard for considering summary judgment motions, Magistrate Judge Blewitt reviewed the record and the facts in view of that standard. Magistrate Judge Blewitt concludes that Plaintiff's *de minimis* back injury as a result of the pushing incident does not rise to the level of a meritorious Eighth Amendment excessive force claim against Defendant Pugh. Further, Magistrate Judge Blewitt reasons that Plaintiff's Eighth Amendment failure to protect claim against Defendant Elmy arising out of the same incident fails because his claim against Defendant Pugh does not withstand summary judgment.

As we have already mentioned, neither Defendants nor Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An appropriate Order shall issue.